Good morning. Good morning. Good morning. May it please the court. My name is Charles Hodges, and I represent the taxpayer partner, Mr. Katz, in this partnership level tax proceeding, and I'd like to reserve three minutes for rebuttal. If you'll just watch the clock, I'll try to remind you, counsel, but just keep your eye on the clock. Thank you, Your Honor. Your Honor, one point confirms that Tax Court Judge Marvel's August 2010 order must be reversed, and that is this. has no jurisdiction to determine the tax treatment of individual partners' income and expenses that are reported on their own 1040s that are completely unrelated to the partnership. These are your home mortgage interest deductions. These are your income from your impersonal stock trades, from giving speeches. The partnership level judge has no jurisdiction to do that. Counsel, let me ask you this. You can obviously argue that as long as you want to. I thought the gravamen of this claim was the statute of limitations and the ability of the IRS to, from your perspective, audit and make claims with respect to your client's tax return in years that you claim were closed. Isn't that the gravamen of your complaint? There is, Your Honor, and that's a great question. But the only way that Mr. Katz's statute of limitations is open is if the partnership level judge is able to determine his – the tax treatment. Well, he can look into the issue of whether or not your client allegedly had understated income by 25 percent, couldn't he? No, Your Honor. Why is that? Absolutely. 6226F of the Internal Revenue Code is the code provision that is the jurisdictional. It is the provision that Congress said, and Congress specifically said a judge of the partnership level proceeding has jurisdiction to do one thing, determine partnership level items. And what do you – and what – you said the code section. Any cases you can cite that say – There is no – Bakersfield from this case, Kurzbeck – there is no case, no statute, no legislative history, and there is no case that is presidential, none, that say to the contrary, that say that a tax partnership level judge can decide a non-partnership level case. So you're saying that we should rely on the negative pregnant of that, right, and say that he has no jurisdiction? Also in the sense that Congress gave the partnership level court no jurisdiction to determine non-partnership items. I know you said that, but I'm just asking you what your authority is for that, and you're saying that because they didn't say it, then therefore it can't be. What was the code section you said? 6226F. And the reason also, Your Honor, from a practical standpoint, look at it from this way. Most of these partnerships can have 20 – I know this one is limited, but 20, 30, 50, 100 partners. And essentially what Judge Marvel's order is saying is that in that case that you completely forget about all the deficiency procedures. A few of you have been involved in summons enforcement actions. Basically what happens is the IRS exam is out. Now what will happen is your home mortgage interest deduction and all these individual items that are on those 100 1040s are now subject to scrutiny. Not by the IRS exam. You don't get notices of deficiency. Instead what you get is IRS lawyers requesting discovery to now audit you, or even worse in the case here, Mr. Katz had already been audited. And the IRS exam cleared him and did not find and did not issue a notice of deficiency that said that he owed tax $198,000. But once this court found in Bakersfield that the statute of limitations was gone for the partnership, then the IRS lawyers revived – looked over the notes of the examiners and revived the issue with the hopes that the statute of limitations could be saved. Your perspective is your client was audited on his individual return. That was closed. The partnership gets audited, extended from their perspective. They make a claim against your client for the years that you believe are closed. Your point is they can't do that. It just doesn't – because if you do that, you're going to get into the individual items such as the home mortgage deduction. That is absolutely correct, Your Honor. And again, I guess I'm troubled by any authority for that proposition. I can – I will give it to you in rebuttal. I'll list the number of cases. I can tell you that it is – the TEFRA was enacted, which is the partnership provisions. It was enacted to have it to where there was a two-tier system. So I guess it is because a non-partnership item can never be determined, the tax treatment of your home mortgage interest can never be determined at the partnership level. It's such a bedrock of what we're talking about that it's never been in dispute. A judge has never tried to do what Judge Marvel did here. A judge has never tried to determine the tax treatment. I actually know you're wrong because I litigated a tax court case where they did just that. So I don't know where you're coming from with that. Okay. Can I ask you a question on 622 – sorry, 6226D1? Yes, Your Honor. Which is – I understand your argument. And the language of that is D1B, actually. It says that in a partnership level determination proceeding, your client could participate for purposes of asserting that the period of limitations for assessing any tax liability – tax attributable to partnership items has expired with respect to such person and the court having jurisdiction of such action shall have jurisdiction to consider such assertion. Yes, Your Honor. So why doesn't – if they have authority to do that, what is the – what would be the basis of Mr. Katz's assertion? Exactly, Your Honor. He would come forward – again, 6226D1 was put in there in 1997 to help manage these partnership cases. Yeah. So 20, 30, 50 partners can come forward and say, my statute of limitations has expired. Okay. So he would assert that the statute of limitations – and are they supposed to accept that as a face value? They would accept that because – No, they – Yes. And so, therefore, they take what he says as true. That's all they can do under that. That is what they can do. They can't assess the validity of his assertion. They cannot go too down and say, well, maybe you committed fraud. We're going to now do discovery. So is your answer to my question, no, they can't discredit his assertion. They can just consider it. Correct, Your Honor. I would agree with that. But it doesn't make any sense. Well, the words that Congress used was consider. Yes. Yes. To consider an assertion. Consider the assertion. What does consider mean? Consider means that – Contemplate it. No, it would be the facts. I filed my tax return, which the IRS has. Here's its date. Yeah. And three – more than three years has expired. I have no notice of deficiency where the IRS is challenging my individual partner items. Okay. And then, therefore, my statute is run. That's what would be said. And then the IRS would then say, Your Honor, that is true. And then that partner would be removed. What if the IRS says it's false? Well, they would have to have some basis for that. Do they have a notice of deficiency outstanding challenging it? If no, no, they would not be able to do what they did here. It would say, we'd like to commit – we'd now like to have discovery on that, Your Honor, in this partnership-level proceeding and see if maybe this now 10-year-old tax return – maybe there's fraud on it, Your Honor. Maybe they omitted income. So it seems to me, Counsel, that you are – you're indicating that to consider means to test somewhat the validity of the assertion but only on the facts that's proffered by the taxpayer. That is correct. And here's all I'm proffering. This is all this court had to find. It just cannot rise to the level of determining because that code section determined Congress said in 6226F, 6015E, with innocent spouses and on and on and on as in our brief. When the Congress says determined in the Internal Revenue Code, that is they can determine the tax treatment. There is nothing in the code. If they use the word consider, that never means they're allowed to determine the proper tax treatment. All they can do is ruminate. Yes, and if the IRS – They can think heavily about it, but they can't do anything about it. Well, it's really to help the IRS then understand who is really at issue, what partners are really at issue here. It was a way to simply manage these partnership cases. Tell you what, you're out of time. We've been asking some questions. We'll give you a little bit of rebuttal time, but let's hear from the government, okay? Thank you, Your Honor. You pretty much agree with everything he said, right? I disagree with everything he said. And – You probably better identify yourself. I'm sorry. May it please the Court, Joan Oppenheim, the Commissioner of Internal Revenue. There actually are a number of cases that have considered nonpartnership items in determining whether the FPA is timely. Now, the cases do not arise under 60 to 2061, which allows a partner to raise a partner-specific defense. But there are many cases in which when an FPA is issued, the partnership itself raises the question of whether the FPA is timely. And some of those cases are cited in a footnote to our – in our brief, Baker's Field Energy, United States v. Home Concrete. There are at least 20 cases involving a son-of-boss tax shelter where there was a timeliness issue involving a six-year statute of limitations. And some of those cases, such as U.S. v. Home Concrete, involve a nonpartnership item. Baker's Field Energy involved a partnership item, but U.S. v. Home Concrete, the Supreme Court case, the nonpartnership item was an overstated basis claimed on an individual tax return. In other words, there was a sale of a capital asset. The tax consequences are determined by subtracting the basis from the amount realized on the gain. And the overstated basis was claimed on the partner's individual return in Home Concrete. Before we go further on that line of thought, I just want to be sure on the statute of limitations issue. Do I understand correctly that the service takes the position that the individual statute was extended here because the taxpayer understated income by 25 percent or more? Is that correct? Yes, it is. Okay. And that would extend it to what, six years? Yes, it would. Okay. So in this case, insofar as the individual is concerned, provided that the tax court had jurisdiction to consider it, it was an open item just as if there had been fraud or something like that, right? Well, fraud I think would extend it indefinitely, but yes, that's correct. There's a six-year statute in the case of an omission of 20 percent, 25 percent or more. So in the case of Home Concrete and in many of those other cases involving the six-year statute, the item in question was a nonpartnership item, an overstated basis. And none of the courts said we don't have jurisdiction to determine this because it's a nonpartnership item. Now, the jurisdictional issue was never specifically raised in those cases, but every court has an obligation to satisfy itself of its own jurisdiction. And I gather the service takes the position that there's just no question that the tax court had the right to look at the individual return because of the impact, in this case, because of the impact of the partnership distribution, right? Well, that's correct. Basically, Katz was the only person that would be affected by the FPA. So if the IRS could not make an assessment against him, basically, there's no point. You have a moot case. There's simply nothing to do. So that's, you know, under the case or controversy requirement of the United States Constitution,  case or controversy requirement? I've never specifically researched, but I assume it would. I mean, the court's not in the business of issuing an advisory opinion, and a whole proceeding would be meaningless if there's no assessment that can result from an FPA. Yeah. Could you address the 62-26-D1 argument, what consider means? Do you agree with counsel that that's all that section allows, as the partnership proceeding judge, to consider the taxpayer's assertion that the statute hasn't run and it's limited to the record to the extent the fact that he paid on time and no notice of deficiency was issued? No, I totally disagree. The government totally disagrees with that argument. The statute would be meaningless if the court did not have power to decide the issue. The court, if the court, the statute would be totally meaningless if the court couldn't, once the partner says, you know, this is untimely, if the court couldn't decide it, what would be the point of the statute? Well, it's to let him assert as a partner, individual partner, that he's paid the tax on time, his liability, and there's been no notice of deficiency. Well, under... If the IRS hasn't assessed a deficiency, then why would it be able to litigate that issue under the rubric of consider when the record is, you know, the record on his face is that he paid and there was no challenge to his payment? The tax court in a review decision, Roe and Poulenc, Serpicans, held that the issuance of an FPA suspends the running of the assessment period  So in this case, the FPA was issued prior to the expiration of the six-year period of limitations and under the majority opinion in this reviewed tax court case, 114 TC 533, that would make it timely. Now, the taxpayer relies on the concurring opinion of Halpern to basically disagree with what the majority says, but, you know, basically that is the majority rule, which the majority rule is well-founded in reason. That's the tax court ruling. Yes, it is. Is there a circuit court? I'm not aware of a circuit court ruling, but... The service refers, I think, to Woods, which is, of course, a Supreme Court case,  would you explain in what way Woods should influence our thinking here from your perspective? I'm just... Not coming to... Let me just quote a little bit, see if that refreshes your recollection. In Woods, the Supreme Court said, prohibiting courts in partnership-level proceedings from considering the applicability of penalties that require partner-level inquiries would be inconsistent with the nature of the applicability determination that TEFRA requires. Now, it's not this section. Yes. But as I understood your position, the government's position, was that the reasoning approach is one that should be applied to 6226. Well, that's very interesting. Basically, penalties are a partner-level issue. Penalties are applied at the partner level, and Congress in 1997, I believe, amended the code to allow the applicability of penalties to be determined at the partnership level, even though penalties are basically imposed at the partner level. And that sort of reasoning is applied in an analogous way here. Other things that support it, that support what the tax court did, are cases, for example, if a statute of limitations is six years because of a substantial omission of gross income, there are cases that hold that the IRS can make an assessment with respect to an item that wasn't understated on the gross return. In other words, once the six-year statute of limitations holds the statute of limitations open, it is open for all purposes, not just for the understated item. And similarly, if there's a fraudulent return and there's an unlimited statute, then the statute is open for every item on return, not just a fraudulently underreported item. And I think the tax court applied the same sort of reasoning here. And likewise, the court said we're not redetermining a partnership item. We're simply determining whether this action is timely and whether it could affect the tax consequences of anybody. And in fact, when the taxpayer entered into a stipulation, he entered into a stipulation saying, for purposes of this case only, I stipulated that I omitted $198,000 from gross income. So to say that the tax court determined anything in this case is simply ludicrous. And actually, the same sort of stipulation was entered into in Home Concrete. They entered into a stipulation that said, for purposes of the motion for summary judgment, we stipulate that we omitted more than 25% of our gross income. So that basically precludes a non-partnership item from really being determined in a partnership-level proceeding. But you're simply considering the partnership item to determine whether the FPA was timely and whether the FPA can affect the tax consequences of any person. Okay. All right. We appreciate your argument. Any questions? More questions by my colleagues? Thank you very much. So we'll hear rebuttal. Counsel, we used up your time. Let's give you a couple of minutes here for rebuttal. Thank you, Your Honor. I'll try to be as brief as I can. First of all, to answer the court's question that was posed to me, on pages 26 and 27 of our original briefs, we discussed case after case. I would, I guess, look most to Alexander v. United States, which is a Fifth Circuit case that really discusses TEFRA and how it was enacted. And keep in mind, TEFRA was enacted because IRS asked Congress for it. And there it discusses the difference between partnership items and non-partnership items and how they're litigated. To hit the questions that were raised, I've seen this repeatedly, Judge Marvel, as well as the IRS. Well, 6226D1, which was raised earlier, would be meaningless if you couldn't determine the tax treatment of these non-partnership items. But unfortunately, statutory construction canons tell us that if Congress said in 6226D1, court, you can consider this assertion, and in 6226F, it says you can determine, we have to, Judge Marvel said those terms are interchangeable. No statutory construction principle says that they are interchangeable. It's the exact opposite. We have to give them meaning. And also, that this is a court of limited jurisdiction. So we do not expand it beyond what Congress's terms have been. As to your Woods, that was a great question, Your Honor, because that's it exactly. That's it exactly. Because in Woods, the reason why they were able to get there is because Congress amended 6226F and said, we will allow penalties to be litigated at the partnership level. So Congress, whenever they believed that a non-partnership item should be, which should be litigated at the partnership level, then they have amended the section to do so. You're winding up here. Okay, five seconds. As to the stipulation, Your Honor, what happened there was the motions for summary judgment were filed. The trap door has opened. Oh, okay. Thank you. Thank you both very much for your argument. We appreciate it. And you two might want to get together for dinner. You have a lot of really interesting stuff to talk about. That's the first time I've ever heard that for a tax attorney. There you go. All right. Thank you both for your argument. We appreciate it. The case just argued is submitted.
judges: Fisher, M. Smith, Nguyen